MARÍA ALDEA Y DÍAZ, Plaintiff and Appellant, v. PAULINA JESUSA TOMAS Y PIÑÁN ET AL., Defendants and Appellees.

No. 7000.   Argued April 8, 1935.—Decided April 17, 1935.

*Carlos D. Vázquez* for appellant.   *Dubón & Ochoteco* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of San Juan, in an appeal from a judgment rendered by a municipal court in an action claiming five hundred dollars for homestead, entered judgment dismissing the complaint on the merits. Thereupon the plaintiff took an appeal to this court, and the appellees have moved to dismiss the same on the ground that no appeal lies whatever may be the amount of the claim since, as they maintain, subdivision 2 of section 295 of the Code of Civil Procedure, as amended in 1905, by which an appeal is allowed from the judgments of the district courts rendered on appeal

taken from orders of the lower court when the amount exceeds $300, was repealed by section 4 of an Act of 1934, in force at the time of the rendition of the judgment from which an appeal has been taken to this court.

In 1908 (Session Laws, p. 124), a law was enacted to regulate appeals from judgments of municipal courts in civil cases. Section 1 of that law was amended in November, 1917 (Session Laws, vol. II, p. 224), and thereafter in 1929 (Session Laws, p. 122). Sections 3 and 4 thereof were amended in 1934 (Session Laws, p. 292), by Act No. 31, to amend the Act of 1908 regulating appeals from judgments of municipal courts in civil cases. Sections 3 and 4 as amended read as follows:

"Section 3.—(a) The secretary of the district court shall place the cause on the docket of civil actions, serving notice on the parties in interest. The appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case. When the appeal is called for trial, the court shall, on motion of the appellant, review and consider any preliminary order, decision or ruling by which he considers himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial in accordance with the arguments had unless the judge shall, by virtue of demurrer, have allowed the complaint or answer to be amended. The action thus being finally at issue, the trial shall be held as a trial *de novo*, and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district court. (b) If the appellant fails to request the inclusion of the case in the calendar, the district judge shall dismiss the appeal, imposing the costs on the appellant; and the secretary shall immediately return the cause to the inferior court for the execution of the judgment appealed from.

"Section 4.—The court shall, after the holding of the trial, render judgment within a period of fifteen days, and the secretary shall immediately send to the inferior court a certified copy of said judgment stating the costs in connection with the appeal. Thereafter all proceedings to enforce judgment shall be conducted in the municipal court as if said court had rendered said judgment."

The words contained in section 4 are those which in the opinion of the appellees destroy the right of appeal that has existed heretofore, since they think that when the law directs that the judgment rendered by the district court on appeal be immediately sent by the clerk to the lower court it is because such judgments are not appealable.

The Act of 1908 and its amendments had for their sole object, as is stated in the title, the regulation of appeals from judgments of municipal courts and not from those rendered by the district courts in appeals coming up from the municipal courts. For that class of appeals from judgments of the district courts, when the claim made in the municipal court exceeds $300, subdivision 2, section 295, as amended in 1905, governs. The Act of 1934 does not expressly repeal said section 295, subdivision 2, and an implied repeal is not favored by the courts. Besides, section 4 of that act must be understood in the sense that if no appeal has been taken, the judgment shall be sent immediately to the lower court.

The motion to dismiss must be denied.